UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
IN ADMIRALTY

NORTHERN ASSURANCE COMPANY OF AMERICA,

    Plaintiff,

VS.                                                                                                    CASE NO.

ROUND POND MARINE SERVICES, INC.

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, NORTHERN ASSURANCE COMPANY OF AMERICA, by and through its undersigned attorneys, and for its Complaint seeking this Court's, Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq., in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the District of Maine as this cause arises out of a policy of marine insurance delivered by Plaintiff to the insureds named therein, the Defendant ROUND POND MARINE SERVICES, INC., at PO Box 134 Round Pond, ME 04564.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff NORTHERN ASSURANCE COMPANY OF AMERICA, (hereinafter "NORTHERN ASSURANCE") is a corporation organized and existing under law and having its principal place of business located at One Beacon Street, Boston, MA 02108.

5. Upon information and belief, the Defendant ROUND POND MARINE SERVICES, INC. (hereinafter "RPMS") is corporation organized and existing under the laws of the State of Maine, with its office and principal place of business located at Round Pond, ME.

6. Upon information and belief, the Defendant RPMS is a United States citizen and resident of the State of Maine.

## FACTUAL ALLEGATIONS

7. On or about April 12, 2007 to April 12, 2008, Plaintiff NORTHERN ASSURANCE in exchange for good and valuable consideration issued to the Defendant RPMS a valued Comprehensive Marine Liability Policy of marine insurance numbered Policy No. NMJH 52837 (hereafter "the Policy)" affording, *inter alia*, coverage for various risks associated with Defendant's operation of its business as a marine contractor for a one year period to April 12, 2008.

8. A true and correct copy of the Policy is attached hereto as Exhibit "A."

9. The Policy at Section II entitled "Exclusions," excludes from the coverage provided thereunder all claims for bodily injury to any "employees", including but not limited to various workers' compensation, occupational disease or disability laws, whether by reason of the relationship of master and servant or employee or employee or not."

10. In a complaint dated July 2, 2009 and filed in the Lincoln County Superior Court of the State of Maine, Michael Hanna sued RPMS alleging that he was injured on June 15, 2007 while working as an independent contractor due to the negligence of RPMS. The complaint, a true copy of which is attached as Exhibit "B" hereto, also states in its ¶ 3: "At no time was Plaintiff [Hanna] and [sic] employee of Defendant [RPMS].

11. Defendant RPMS has made demand upon Plaintiff for indemnification and payment of and for any damages resulting from that litigation, including costs of defense. Northern

Assurance has provided RPMS a defense to the complaint of Michael Hanna under a reservation of rights.

12.  As a matter of law, and pursuant to the terms of the Policy, Michael Hanna was an employee of Round Pond at the time of his injury as alleged in Exhibit "B."

## FIRST CAUSE OF ACTION

13.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, of its complaint as if set forth fully herein.

14. The Policy states, in pertinent part:

> SECTION II - EXCLUSIONS
> A.   EXCLUSIONS APPLICABLE TO SECTION 1, COVERAGES A AND B ONLY:
>
> Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:
>
> 4. a. Any liability of whatsoever natore of the insured, whether you may be liable as an employer or in any other capacity whatsoever, to any of your "employees", including but not limited to any liability under any Workers' Compensation Law, Unemployment Compensation Law, Disability Benefit Law, United States Longshoremen's and Harbor Workers' Compensation Act, Jones Act, Death on the High Seas Act, General Maritime Law, Federal Employer's Liability Act, or any similar laws or liabilities, and/or whether by reason of the relationship of master and servant or employer and employee or not. . .
>
> c. Any liability of whatsoever nature of the insured to any other party arising out of "bodily injury" and/or "personal injury" to any of your "employees", including but not limited to any such liability for (i) indemnity or contribution whether in tort, contract or otherwise and (ii) any liability of such other parties assumed under contract or agreement.
>
> d. Any liability of any of your "employees" with respect to "bodily injury" and/or "personal injury" to another of your "employees" sustained in the course of such employment.
>
> e. Any liability of whatsoever nature which any of your directors, officers, partners, principals, "employees" or stockholders may have to any of your "employees."

15. Notwithstanding the express and unambiguous exclusion set forth in Plaintiff's policy of marine insurance, Defendant "RPMS" has made demand upon Plaintiff for payment of bodily injury damages and medical payments arising out the injury to Michael Hanna.

3

16. As a result of the aforesaid wrongful demand by the Defendant "RPMS", Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. NMJH 52837.  Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by the Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

17. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17, inclusive, of its complaint as if set forth fully herein.

19. Plaintiff's policy states, in pertinent part:

> **SECTION VII - CONDITIONS PRECEDENT TO COVERAGE:**
> In consideration of the reduced premium charge, you agree that:
>
> 3. You will:
>
> a.    preserve all rights against any and all:
>
> (1) Independent contractors and/or subcontractors
> (2) Temporary workers"
> (3) "Leased workers"
> (4) Employee provider firms
> all of which are referred to below as "entities".
>
> b. Require the entities to maintain, in full force and effect, liability insurance with
> limits at least equaI to the limits of this policy, as well as workers compensation
> insurance. The "entities" shall require their insurer(s) to name you as an
> additiouaI insured and shall waive alI rights of subrogation against you and your
> principal. The liability insurance provided by the "entities" shall be endorsed to
> designate it to be primary to all other insurance issued in your favor and in favor
> of your "principal." For the purposes of this condition the "principal" is defined
> as any party for whom you are perfonning work.
>
> c. require the "entities" to provide proof of the insurance as required above prior to
> any of the "entities" beginning to work for you. The "entity" shall also require
> their insurer(s) to provide you with thirty (30) days written notice of cancellation
> or material change of their insurance.

4

> A breach of or any failure to fully comply with any of the above conditions voids all the insurance provided by this policy.

20. The Policy was not intended to, and does not, afford workers' compensation or employer liability coverage for injuriesto employees, workers or independent contractors.

21. RPMS failed to fully comply with the conditions precedent to coverage as set out in Section VII of the policy, as a result of which the policy coverage is void.

22. Even if Hanna is deemed to be an independent contratctor as a matter of law, and pursuant to the terms of the Policy, which is denied by Northern Assurance, no coverage for RPMS extends to his injury as a result of its failure to comply with the conditions precedent as set out in Section VII of the policy.

23. Notwithstanding the express and unambiguous exclusion set forth in Plaintiff's policy of marine insurance, Defendant "RPMS" has made demand upon Plaintiff for payment of bodily injury damages and medical payments arising out the injury to Michael Hanna.

24. As a result of the aforesaid wrongful demand by the Defendant "RPMS," Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. NMJH 52837.  Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by the Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

25. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Plaintiff's Policy No. NMJH 52837 does not afford coverage to the Defendant for the incident complained of in which the insured has been sued;

(B) Declaring that Policy No. NMJH 52837 excludes coverage for the incident complained of and for which the insured has been sued;

(C) Declaring that Northern Insurance has no duty to continue to defend RPMS in the above-referenced civil suit or to indemnify RPMS with respect to any resulting judgment;

(D) Any and all such other and further relief as the Court may deem proper in the premises.


Dated at Camden, Maine:  February 24, 2010

          WELTE & WELTE, P.A.
          Attorneys for Plaintiff


By:   /s/William H. Welte
      William H. Welte
      13 Wood Street
      Camden, ME  04843
      (207) 791-3000
      Bar No.: 3391